IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALPHONSO JAMES, SR.,

    Plaintiff,

vs.                                Case No. 4:15cv173-RH/CAS

JULIE L. JONES,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, has filed a motion to remand this case to state court. Doc. 9. Defendant has filed a response in opposition to the motion. Doc. 10.

    Plaintiff contends that he filed a tort complaint in state court in February 2015, and Defendant's notice of removal[1] is "sham pleading." *Id.* at 1-2. Plaintiff asserts, for the second time, that his complaint "does not allege a case or controversy." *Id.* at 2. Thus, Plaintiff contends that this Court lacks original jurisdiction and this case should be remanded back to state court. *Id.* at 3.

    Plaintiff previously filed a motion to strike the notice of removal. Doc. 5. That motion was denied by an Order entered on April 5, 2015. Doc. 7. That Order noted

---

    [1] Defendant's Notice of Removal was filed on March 26, 2015. Doc. 1.

that although Plaintiff filed a complaint which he entitled "Tort Complaint," the complaint raised a First Amendment claim against the Secretary of the Department of Corrections along with other state law claims.  *See* doc. 8 (Plaintiff's complaint).  District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the Untied States." 28 U.S.C. § 1331.  Thus, a complaint that raises a constitutional claim for a violation of the First Amendment is a case which may be removed from state court to federal court.  28 U.S.C. § 1441(a).[2]  Moreover, the fact that Plaintiff also asserts state law claims does not prevent removal.  28 U.S.C. § 1441(c)(1).

Plaintiff again raises the same argument in the motion for remand that he previously raised in his motion to strike the notice of removal: that there is no case or controversy.  Doc. 9 at 2; *see* doc. 5 at 2.  Plaintiff's argument is rejected.  Jurisdiction exists to consider Plaintiff's claims.  Indeed, if Plaintiff's argument that there is no controversy between Plaintiff and Julie Jones was correct, then this case would be dismissed, not merely remanded back to state court.  The notice of removal is appropriate under 28 U.S.C. § 1441(a),[3] it was timely filed under 28 U.S.C. § 1446(b)(1), and Plaintiff's motion for remand, doc. 9, should be **denied**.

---

[2] "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

[3] A complaint which asserts that Plaintiff's civil rights have been violated proceeds under 42 U.S.C. § 1983.  Because this Court has original jurisdiction over civil rights actions, the predominate claim in Plaintiff's complaint, removal is appropriate.  28 U.S.C. § 1441(a).

Case No. 4:15cv173-RH/CAS

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to remand, doc. 9, be **DENIED** and the case be remanded to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 27, 2015.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**