**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

ALPHONSO JAMES, SR.,

       Plaintiff,

v.                                                    CASE NO.  4:15cv173-RH/CAS

JULIE L. JONES,

       Defendant.

_____/

## ORDER DENYING THE MOTION TO REMAND

     In this case the plaintiff Alphonso James, a prisoner in the Florida

Department of Corrections, alleges that the Department cut his hair and beard in

violation of his rights under the First Amendment to the United States Constitution.

Mr. James filed the case in state court, seeking an award of damages and naming as

the sole defendant the Secretary of the Department of Corrections.

     The Secretary removed the case to this court.  Mr. James has moved to

remand.  The motion is before the court on the magistrate judge's report and

recommendation, ECF No. 12, and the objections, ECF No. 15.  I have reviewed

*de novo* the issues raised by the objections.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. When a plaintiff files such an action in state court, the defendant may remove it, with exceptions not applicable here.  *See id*. § 1441(a).

Both in the complaint itself and in the motion to remand, Mr. James says he asserts a claim only under Florida tort law, not under federal law.  It is at least plausible that Florida tort law would recognize a claim for wrongfully cutting a person's hair or beard.  And a plaintiff is the master of his claim.  So the complaint is properly understood to seek recovery only under Florida tort law.  Mr. James will recover or not based on the availability of relief under Florida law.

Still, the Department can require a prisoner to cut his hair and beard unless doing so would violate the prisoner's constitutional rights.  The complaint seems to recognize this; it alleges that cutting Mr. James's hair and beard was improper because it infringed his religion in violation of the First Amendment.  The complaint does not allege that cutting Mr. James's hair and beard was improper in any other respect.

When a claim as set out in a well-pleaded complaint necessarily requires for its determination a ruling on an issue of federal law, the claim arises under federal law within the meaning of § 1331, even when state law creates the cause of action. *See, e.g.*, *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164 (1997)

(upholding federal jurisdiction over "a cause of action created by state law"
because the "right to relief under state law required resolution of a substantial
question of federal law") (quoting in part *Franchise Tax Bd. v. Constr. Laborers
Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983)).  Here Mr. James's claim as set
out in his well-pleaded complaint necessarily presents the question of whether
cutting his hair and beard violated the United States Constitution.  The claim thus
is within this court's "arising under" jurisdiction.  The Secretary was entitled to
remove the case.

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted.  The motion to remand, ECF
No. 9, is denied.  The case is remanded to the magistrate judge for further
proceedings.

SO ORDERED on May 18, 2015.

s/Robert L. Hinkle_____
United States District Judge