IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALPHONSO JAMES, SR.,

    Plaintiff,

v.                                    CASE NO. 4:15cv173-RH/CAS

JULIE L. JONES,

    Defendant.

_____/

## ORDER OF DISMISSAL

The plaintiff is a prisoner in the Florida Department of Corrections. He asserts a claim under Florida law based on the Department's insistence that he cut his hair and beard. He says this violated the First Amendment and that, as a result, state law provides a cause of action.

As set out in the order denying the motion to remand, ECF No. 16, the complaint is properly understood to seek relief only under state law. Even so, federal jurisdiction exists, because the well-pleaded complaint necessarily requires for its determination a ruling on an issue of federal law.

The case is before the court on the magistrate judge's second report and recommendation, ECF No. 22, and the objections, ECF No. 23. I have reviewed de novo the issues raised by the objections.

The report and recommendation correctly concludes that the complaint should be dismissed. The dispositive issue is sovereign immunity. As correctly set out in the report and recommendation, the State of Florida has waived its immunity for operational-level acts but not for planning-level acts. A bad haircut or negligent determination of whether a specific inmate's hair is longer than the rules allow is an operational-level act. The determination of whether safety and good order require inmates to cut their hair and override religious objections is a planning-level decision. So the complaint must be dismissed.

Two other grounds for dismissal are cited in the report and recommendation.

First, as the report and recommendation notes, under Florida pleading standards, a plaintiff who asserts a claim against the state must allege compliance with the notice requirement of Florida Statutes § 768.28. But under Federal Rule of Civil Procedure 9(c), compliance with conditions precedent may be alleged generally. In a federal proceeding, even one in which state law supplies the rule of decision, a federal rule ordinarily controls over a contrary state procedure. *See, e.g.*, *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331 (11th Cir. 2015). Because dismissal is appropriate here based on sovereign immunity, no ruling is

needed on whether the complaint also could be dismissed for failure to sufficiently plead compliance with the 768.28 notice provision.

Second, the report and recommendation concludes that any federal claim could be dismissed for failure to exhaust administrative remedies. In fact, however, the plaintiff has unequivocally renounced any effort to obtain relief under federal law. So there is no federal claim to dismiss. (The case is here—federal jurisdiction exists—because the claim for relief under state law requires a determination of an issue of federal law. So the state claim "arises under" federal law for jurisdictional purposes, even though the plaintiff does not seek relief under federal law.) This makes it unnecessary to decide whether any federal claim would properly be dismissed for failure to exhaust.

For these reasons,

IT IS ORDERED:

1. The second report and recommendation is ACCEPTED.

2. The clerk must enter judgment stating, "The plaintiff Alphonso James, Jr.'s claims against the defendant Julie L. Jones, in her official capacity as Secretary of the Florida Department of Corrections, are dismissed with prejudice."

3. The clerk must close the file.

SO ORDERED on August 31, 2015.

                                         s/Robert L. Hinkle
                                         United States District Judge